

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN L. WALTON, SR., )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:14CV451–HEH
)
CHRISSEPHER RIDDICK, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Brian L. Walton, Sr., a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action ("Particularized Complaint," (hereinafter, "Compl."), ECF No. 9). The matter is presently before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous;" (2) "fails to state a claim on which relief may be granted;" or, (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* 28

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

U.S.C. § 1915A. The first standard, as to frivolousness, includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than one which is merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court, as required, construes *pro se* complaints liberally, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of Allegations

On or about February 20, 2014, a jury in the Circuit Court of Middlesex County, Virginia ("Circuit Court") convicted Walton for violating a protective order through an act of violence. *See Commonwealth v. Walton*, No. CR13000217-00 (Va. Cir. Ct. May 1,

2014).[2] Walton is currently serving his sentence in the Haynesville Correctional Center. In his "Particularized Complaint," Walton appears to allege that the Defendants, Chrissepher Riddick, Stacey Page Riddick, Dr. David Ross, Commonwealth's Attorney Michael T. Hurd, Judge Jeffrey Shaw, and Walton's retained counsel Amy Van Fosson conspired to wrongfully prosecute and convict Walton. (Compl. 1–5.)[3]

Walton demands $600,000.00 in damages. (Compl. 6, ECF No. 1.) As explained in greater detail below, Walton's "Particularized Complaint" will be dismissed.

### C. Defendants Chrissepher Riddick, Stacey Page Riddick, and Dr. David Ross

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Walton fails to allege any facts indicating that Defendants Chrissepher Riddick, Stacey Page Riddick, or Dr. David Ross are state actors subject to suit under § 1983.[4] Accordingly, Walton's claims against these defendants will be dismissed.

---

[2] *See* http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (select "Middlesex Circuit Court" from drop-down menu and follow "Begin" button; type "Walton, Brian Lester," and then follow "Search by Name" button; then follow hyperlink for "CR13000217-00").

[3] In citations to Walton's Particularized Complaint, the Court employs the pagination automatically assigned by the CM/ECF electronic filing system. Additionally, the Court corrects spelling, emphasis, and grammar in Walton's submissions.

[4] To the extent Walton alleges that a conspiracy exists among Defendants, he fails to state any plausible claim of a conspiracy to deprive him of his civil rights under 42 U.S.C. § 1985. Because Walton's allegation of conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992)); *see Capoqrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d

### D. Defendant Michael T. Hurd

"[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (citations omitted). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). "[O]nce a prosecutor possesses probable cause," he is entitled to immunity when deciding "whether to prosecute, which charges to initiate, [and] what trial strategy to pursue . . . ." *Goldstein v. Moatz*, 364 F.3d 205, 215 (4th Cir. 2004).

Walton alleges that Defendant Hurd, the Commonwealth's Attorney for Middlesex County, Virginia, violated his civil rights through a variety of acts committed while allegedly acting in concert with Defendants Chrissepher Riddick and Stacey Page Riddick. Walton claims that: (1) Hurd's prosecution of Walton was malicious; (2) Hurd included a condition on Walton's sentence that he wear a "Scam X bracelet . . . when [he

---

Cir. 2009) (dismissing conclusory allegations of a conspiracy) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

5

is] out of jail and on probation[, which] was not Court Ordered by [the] Judge . . ." (Compl. 3); (3) Hurd "showed pictures to the jurors [of] a sign [Walton] put on [his] boat that said 'Chriss Riddick is a Snitch, Liar, and a Worm'" (*id.* at 4); and (4) Hurd "dismissed eleven trespassing charges against David Ross [a] Conspirator of Hurd[5] and Riddick" (*id.* at 6).

Defendant Hurd is clearly entitled to absolute immunity. Hurd's decision, after a review of the evidence, to bring charges against Walton was clearly within the scope of his prosecutorial duties. *Goldstein*, 364 F.3d at 215. Hurd's decision not to bring trespassing charges similarly falls within the scope of his duties as a prosecutor. Walton fails to allege any credible facts that indicate that Hurd acted outside his prosecutorial duties in presenting evidence to the jury, or in seeking a condition on Walton's probation. Because Hurd's actions are entitled to absolute prosecutorial immunity, Walton's claims against him will be dismissed.

### E. Defendant Jeffrey Shaw

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec.

---

[5] Walton filed a separate § 1983 suit, naming Ross as a defendant, on the same day he filed the instant suit. *See Walton v. Ross*, No. 3:14CV450 (E.D. Va. filed June 24, 2014).

3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

Walton claims Defendant Judge Jeffrey Shaw "convicted me of this offense and violated my Rights by granting Mr. Riddick a protective order against me on these grounds." (Compl. 2.) Walton fails to demonstrate that Defendant Shaw's conduct falls under either exception to judicial immunity. Walton alleges neither that his actions and statements amounted to a nonjudicial action nor that he acted in the complete absence of all jurisdiction. Because Defendant Shaw is entitled to judicial immunity, Walton's claims against him will be dismissed.

### F. Defendant Amy Van Fosson

Walton alleges that Defendant Van Fosson, Walton's retained counsel, refused to "petition the courts to have [a device] removed because [Walton] could not afford it," amounting to her having "stole [Walton's] savings for her representation." (*Id.* at 3.) Private attorneys do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal

7

law when representing clients). Accordingly, Walton's claims against Defendant Van Fosson will be dismissed.

### G. Conclusion

In light of the foregoing, Walton's claims and the action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                             /s/
                                  Henry E. Hudson
                                  United States District Judge

Date: Jan 15, 2015
Richmond, Virginia